# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATIONAL RAILROAD** <br> **PASSENGER CORPORATION, et al.** | * <br> * <br> * | Civ. Act. No.: |
| **Versus** | * <br> * | Section " " |
| **TEXTRON, INC., d/b/a TEXTRON** <br> **MARINE AND LAND, RANDALL E.** <br> **BRAY, AND LIBERTY MUTUAL** <br> **INSURANCE COMPANY** | * <br> * <br> * <br> * | Mag.: |

**************************************

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, National Railroad Corporation d/b/a Amtrak, who files this Complaint against Defendants, Textron Inc., d/b/a Textron Marine and Land Systems, Randall E. Bray, and Liberty Mutual Insurance Company, and alleges as follows:

1.

Plaintiff National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") is a federal statutory corporation organized and existing under the laws of the District of Columbia, having more than fifty (50%) percent of its capital stock owned by the United States of America. Amtrak is neither a resident nor a citizen of the State of Louisiana.

2.

Made defendants in this matter are the following:

a. Defendant, Textron, Inc. d/b/a, Textron Marine and Land Systems ("Textron") is a non- resident corporation, authorized to do and doing business in the State of Louisiana, and

upon information and belief, is a resident citizen of the State of Delaware.  Defendant Textron may be served with process through its registered agent, CT Corporation System, 5615 Corporate Blvd., STE 400B, Baton Rouge, Louisiana  70808.

  b.  Defendant, Randall E. Bray, is an individual who is a resident of the State of Louisiana, City of Pearl River.  Defendant Bray may be served with process at his current address, 39592 Cherry Lane, Pearl River, Louisiana   70452.

  c.  Defendant, Liberty Mutual Insurance Company ("Liberty Mutual") is a foreign insurance corporation authorized to do and doing business in the State of Louisiana. Defendant Liberty Mutual may be served with process through the Louisiana Secretary of State in Baton Rouge, Louisiana.

3.

This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between Plaintiff and Defendants.  Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1349 as Amtrak is a corporation incorporated by or under an act of Congress and more than one-half of its capital stock is owned by the United States.

4.

Venue is proper in this Court as the accident which gives rise to this Complaint occurred in the City of Slidell, LA, the Parish of St. Tammany, and within the Eastern District of Louisiana.

5.

On or about April 20, 2011, Amtrak Train No. 20 was traveling northbound toward the railroad crossing located at Cleveland Avenue in Slidell, Louisiana.  This crossing is given

designation DOT #725-160T.  As the train approached the crossing, the locomotive engineer sounded the horn as required by applicable law and operated the train within the speed limits set pursuant to Federal Railroad Administration Regulations.

6.

As the Amtrak train approached the subject railroad crossing, Defendant Randall E. Bray drove a 2008 Kenworth Tractor-trailer owned by Defendant, Textron, toward the crossing.  At all times material thereto, including the time of the accident, Defendant Randall E. Bray was acting within the course and scope of his employment with Textron.  Textron is therefore vicariously liable for the negligence of its employee, Randall E. Bray.

7.

Prior to the accident, Defendant Randall E. Bray had been traveling North on Front Street (U.S. Highway 11) and turned left onto Cleveland Avenue.  The Cleveland Avenue crossing is equipped with stop signs, and railroad cross-buck signs.  Defendants Textron and Randall E. Bray were well aware that the railroad tracks were used frequently by trains and were familiar with the crossing.

8.

As Defendant Randall E. Bray approached the crossing, had he stopped, looked, and listened prior to driving onto the tracks, and yielded to the approaching train, as he is legally required to do the collision would not have occurred.

9.

Despite the numerous warnings and indications of the approach of the train, Defendant Randall E. Bray negligently and carelessly drove the Textron Tractor-trailer onto the tracks in front of the approaching Amtrak train without making any attempt to stop or slow down.

10.

At all times prior to and at the time of the accident, Defendant Randall E. Bray and Defendant Textron were negligent in the following, non-exclusive particulars:

a. Failure to heed the warnings of the cross-buck sign and stop sign, which were in plain view;

b. Failure to heed the warnings being emitted by the lead locomotive of the train, including the horn, bell and headlights;

c. Failure to keep a reasonable and proper lookout for approaching trains;

d. Driving onto the railroad tracks without stopping when the train was plainly and clearly visible;

e. Operating his vehicle at an unreasonable and unsafe rate of speed;

f. Failing to maintain good and proper control over the tractor-trailer;

g. Failing to yield right of way to the oncoming train;

h. Failing to exercise reasonable care for the safety of Amtrak, its employees and passengers;

i. Failure to implement training to insure that its employees heed the warnings of the cross-buck sign and stop sign;

j. Failure to implement training to insure that its employees keep a reasonable and proper lookout for approaching trains; and

k. Other negligence to be shown at trial.

11.

The negligence of Defendants was the sole and proximate cause of the accident in question and all resulting damages to Amtrak.  Alternatively, the negligence of Defendants was a proximate contributing cause of the accident in question and all resulting damages to Amtrak.

12.

At all times materials hereto, including the time of the subject accident on or about April 20, 2011, Liberty Mutual had in full force and effect a policy of liability insurance, which provided coverage to Defendants, Textron and Randall E. Bray, for their negligence, as asserted hereinabove, and for all damages caused to Amtrak as a result of the subject accident.

13.

As a direct and proximate cause of the negligence of Defendants herein, Amtrak has suffered the following damages:

    a.      Damage to its locomotive and train;

    b.      Loss of use;

    c.      Loss profits;

    d.      Medical expenses paid and/or to be paid to its employees;

    e.      Other actual, consequential and/or incidental damages.

14.

As a result of their negligence, Defendants herein are liable to Amtrak for the full amount of its damages together with costs and interest.

15.

Plaintiff Amtrak hereby requests a trial by jury as to all issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, National Railroad Passenger Corporation d/b/a Amtrak, respectfully requests the Court to grant final judgment in its favor and against Defendants, Textron Inc. d/b/a Textron Marine and Land Systems, Randall E. Bray, and Liberty Mutual Insurance Company, in an amount in excess of two and a half million and no/100 ($2,500,000.00), together with judgment interest, post-judgment interest, and costs.  Plaintiff requests that such other relief as may be just and appropriate.

Respectfully submitted;

/s/ Timothy F. Daniels
TIMOTHY F. DANIELS (LA #16878)
DOW MICHAEL EDWARDS (LA #26874)
JOHN D. GARRETT (LA#32465)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, 27th Floor
New Orleans, LA  70130
Telephone:  504-310-2100
Facsimile:  504-310-2101
*Attorneys for Defendant,*
*National Railroad Passenger Corporation*
*(Amtrak)*