UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1507 c/w 11-2363, 11-2948, 12-692, 12-694, 12-695, 12-688, 12-707, 12-795, 12-889, 12-1006, 12-1371, 12-373** |
| **TEXTRON, INC., ET AL.** | **SECTION "H"(3)** |

## ORDER AND REASONS

Before the Court are two unopposed Motions to Dismiss Third-Party Demand filed by National Railroad Passenger Corporation ("Amtrak") and The Alabama Great Southern Railroad Company ("AGS") (collectively "Third-Party Defendants").  (R. Doc. 10 in No. 12-1371; R. Doc. 6 in No. 12-1373.)  For the following reasons, the Motions are GRANTED and the claims against Third-Party Defendants are DISMISSED.

## BACKGROUND

1

This case arises out of an alleged accident that occurred on or about April 20, 2011, when an Amtrak train collided with a tractor-truck, causing the train to derail. All civil actions in federal court stemming from this accident have been consolidated. (R. Doc. 165.)

On April 2, 2012, Plaintiff James Sanders—a passenger on the Amtrak train—filed a personal injury action in state court against Randall Bray ("Bray"), Textron, Inc. d/b/a Textron Marine and Land ("Textron"), and Liberty Mutual Insurance ("Liberty Mutual") (collectively the "Sanders Third-Party Plaintiffs").[1] (R. Doc. 6, Ex. A.) The Sanders Third-Party Plaintiffs answered the petition and asserted a third-party demand against, *inter alia*, Third-Party Defendants on May 24, 2012. (R. Doc. 1, Ex. A.) Specifically, the third-party demand alleges that, in the event of any recovery by Plaintiff, Third-Party Defendants are or may be liable to the Sanders Third-Party Plaintiffs under principles of comparative fault.

Another passenger on the Amtrak train, Plaintiff Jeanette McDaniels, filed a similar personal injury action in state court against Textron and Liberty Mutual (collectively the "McDaniels Third-Party Plaintiffs") on April 17, 2012.[2] (R. Doc. 4, Ex. A.) The McDaniels Third-Party Plaintiffs answered the petition and asserted a third-party demand against, *inter alia*, Third-Party Defendants virtually identical to that filed in the Sanders action. (R. Doc. 1, Ex. A.)

Third-Party Defendants removed both cases to this Court on May 29, 2012 (R. Doc. 1 in No.

---

[1] All record citations in this paragraph refer to Civil Action No. 12-1371.

[2] All record citations in this paragraph refer to Civil Action No. 12-1373.

2

12-1371; R. Doc. 1 in 12-1373) and filed identical Motions to Dismiss on October 3, 2012, which were noticed for submission on October 24, 2012 (R. Doc. 10 in No. 12-1371; R. Doc. 6 in No. 12-1373). Neither the Sanders Third-Party Plaintiffs nor the McDaniels Third-Party Plaintiffs have filed an opposition. In fact, Third-Party Defendants notified this Court that the Third-Party Plaintiffs do not plan to oppose the respective Motions. (R. Doc. 13 in No. 12-1371; R. Doc. 8 in No. 12-1373.)

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955). Rather, the complaint must contain enough factual allegations to

3

raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that the plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW AND ANALYSIS**

As a preliminary matter, the Court notes that both the Sanders Third-Party Plaintiffs and the McDaniels Third-Party Plaintiffs have chosen not to oppose the instant Motions. The Court may not, however, simply grant the Motions as unopposed since the Fifth Circuit "approach[es] the automatic grant of a dispositive motion . . . with considerable aversion."  *Luera v. Kleberg Cnty. Texas*, 460 F. App'x 447, 449 (5th Cir. 2012) (per curiam) (citing *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.3d 1210, 1214 (5th Cir. 1980)).  Thus, "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion.  Rather, a court assesses the legal sufficiency of the complaint." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, No. 11–30776., 2012 WL 6200374, at *9 (5th Cir. Dec. 13, 2012) (citations omitted).

In essence, the third-party demands at issue seek tort contribution and/or indemnity: Third-Party Plaintiffs seek to recover from Third-Party Defendants to the extent that the former are found liable for fault attributable to the latter.  Third-Party Defendants argue that contribution is unavailable in this case as a matter of law.  Specifically, they argue that under Louisiana's comparative fault regime, Third-Party Plaintiffs could not be liable to Plaintiff for more than their

4

apportioned share of damages.  Furthermore, Third-Party Defendants contend that Third-Party Plaintiffs may not seek contractual or tort indemnity.

For the following reasons, the Court agrees with Third-Party Defendants that Louisiana law does not allow for contribution or indemnity under the circumstances of this case.  Accordingly, such claims are dismissed.

I.    Whether Third-Party Plaintiffs May Seek Contribution

"Contribution permits a tortfeasor who has paid more than his share of a *solidary obligation* to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each."  *Hamway v. Braud*, 838 So. 3d 803, 807 (La. Ct. App. 1st Cir. 2002) (emphasis in original).  Consequently, "[c]ontribution is allowed only among tortfeasors who are solidarily liable."  *Thompson v. Harrington*, 746 So.3d 652, 658 (La. Ct. App. 3rd Cir. 1999).

In 1996, the Louisiana Legislature amended Louisiana Civil Code Articles 2323 and 2324(B) "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system."  *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 828 So. 2d 530, 535 (La. 2002).  Article 2323 "requires that the fault of every person responsible for a plaintiff's injuries be compared."[3]  *Id.*; *see also* La. Civ. Code. art. 2323.  Article 2324(B) eliminates

---

[3] Article 2323 provides as follows:

>  A. In any action for damages where a person suffers injury, death, or loss, the

5

"solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of fault, which must be quantified pursuant to Article 2323."[4] *Dumas*, 828 So. 2d at 12 (internal footnotes omitted); *see also* La. Civ. Code art. 2324(B). Together, these

---

degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

[4] Article 2324(B) provides as follows:

B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Articles eliminate the need to seek contribution for another tortfeasor's portion of the plaintiff's damages because tortfeasors may only be held responsible for their percentage of fault. Consequently, the right of contribution among non-intentional tortfeasors has "disappeared since it is no longer necessary." *Dumas*, 828 So. 2d at 538.

Here, both Plaintiffs seek to recover for the alleged negligence of Third-Party Plaintiffs. Thus, if judgment is entered in favor of Plaintiff, Third-Party Plaintiffs can only be liable for their own degree of fault. Accordingly, there is no legal basis for contribution.

II.     <u>Whether Third-Party Plaintiffs May Seek Indemnification</u>

The Court notes that the Louisiana Supreme Court in *Dumas* did not hold that the right to seek indemnification disappeared with the amendment of the comparative fault articles, just the right of contribution. *See Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, No. Civ.A.04–997., 2005 WL 1155767, at *2 (E.D. La. May 11, 2005); *Campo v. John Fayard Fast Freight, Inc.*, No. Civ.A.07–3690., 2003 WL 22229300, at *2 (E.D. La. Sept. 25, 2003). Unlike contribution, which is dependent on subrogation to the rights of a creditor, indemnity is based on the concept of unjust enrichment and "may lie when one party discharges a liability which another rightfully should have assumed." *Nassif v. Sunrise Homes*, 739 So. 3d 183, 185 (La. 1999). In the absence of an express contractual provision, tort "indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative." *Id.* Consequently, tort indemnity is unavailable if the fault alleged against the would-be indemnitee is actual or active. *See Lombard*

7

*v. New Orleans Naval Project Comm'n*, No. Civ.A.03–3020., 2004 WL 2988483, at *6 (E.D. La. Dec. 10, 2004); *Mayo v. Benson Chevrolet Co., Inc.*, 717 So. 2d 1247, 1248 (La. Ct. App. 5th Cir. 1998).

In this case, Plaintiffs allege actual and affirmative negligent conduct.  Since Plaintiffs' recovery would not be premised on "solely constructive or derivative" liability, Third-Party Plaintiffs would not be entitled to tort indemnity.  Moreover, contractual indemnity is unavailable as the record does not reveal any such agreement between Third-Party Plaintiffs and Third-Party Defendants.  Accordingly, after reviewing the record and state court pleadings, and given Third Party Plaintiffs' failure to file an opposition, the Court finds that an indemnity claim is not available under the circumstances of this case.

## CONCLUSION

For the reasons previously stated, the Motions to Dismiss Third-Party Demand are granted and the claims against Moving Defendants are dismissed.

New Orleans, Louisiana, on this 10th day of January, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**